Calvin McLIN, By and Through His Guardians and Next of Kin Reverend and Mrs. HARVEY, and Joseph Weaver, By and Through His Guardian and Next of Kin Dorothy Reese, Plaintiffs,

v.

CITY OF CHICAGO, Leroy Martin, Superintendent of Police, David Fogel, Administrator, Office of Professional Standards, Kathleen Moore, Chicago Police Officer, James Serio, Chicago Police Officer, Patrick Fitzpatrick, Joseph Johnston, Dan Beyer, Bobby Campbell, James D. McKeowan, David Cobb, John Boyd, Salvador Noceda, and Rigoberto Barajas, Defendants.

No. 89 C 9253.

United States District Court,
N.D. Illinois, E.D.

Dec. 26, 1990.

Memorandum Opinion and Order
Jan. 4, 1991.

has been a time-consuming task by evaluating the attorney-client privilege as to these drafts.

Peter J. Schmiedel, People's Law Office, Chicago, Ill., for plaintiffs.

John F. McGuire, Sharon Baldwin, Justin P. Erbacci, Asst. Corp. Counsel, Kelly R. Welsh, Corp. Counsel, Joseph V. Roddy, Arthur Neville, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

This is a civil rights action against individual police officers, the City of Chicago, and private individuals. On July 18, 1990, the Court denied the City's motion to dismiss the case for failure to allege a municipal policy or custom. The Court held that plaintiffs' detailed factual allegations concerning a failure to discipline police officers and maintenance of a code of silence sufficed to state a cause of action against the City pursuant to 42 U.S.C. § 1983. *McLin v. City of Chicago*, 742 F.Supp. 994 (N.D. Ill.1990).

Presently before the Court is a dispute concerning discovery relevant to plaintiffs' policy claim. Plaintiffs have requested that the City produce employment and disciplinary files concerning the individual police officers involved. The City[1] has agreed to produce the files, but only subject to a protective order limiting disclosure to third parties. Plaintiffs have agreed to some elements of the proposed protective order, but view it as too restrictive. There are two elements now in dispute: whether plaintiffs' attorneys should be required to return the documents, and all copies thereof, to the City at the conclusion of the litigation; and whether plaintiffs' attorneys

should be prohibited from disclosing the documents to third parties.

The City argues that these prohibitions are necessary for a number of reasons. Information concerning complaining witnesses is sensitive and confidential, and allowing disclosure of this information would also inhibit citizens from filing such complaints. The individual police officers have an interest in maintaining the secrecy of complaints which may be false or unsubstantiated. The publication of complaints might also chill effective police work and lead to a greater incidence of baseless complaints. Finally, the individual officers are currently defending criminal charges arising out of the same incident, and publication of information from their files could prejudice them in their defense of those charges.

Plaintiffs argue that the public has a right to know about misconduct by public servants. Furthermore, maintenance of the confidentiality of complaints in itself furthers the code of silence which plaintiffs challenge. Finally, the ability to disclose the information is essential not only to the proof of the policy claims in this case but also to the pleading and proof of policy claims in other civil rights cases where injuries have been caused by the failure to discipline and the code of silence.

The City responds that discovery should proceed only on the basis of what may be relevant to this lawsuit; discovery that is relevant to other lawsuits should be addressed to the courts hearing those cases. The City argues that the Court should not supervise the creation of a private pool of information on police officers. Plaintiffs counter, however, that the City's policy of destroying documents after only five years necessitates an alternative source of this information.

Both sides present legitimate concerns. However, the Court believes that at this stage in the litigation the balance of interests favors limitations on disclosure. The issues presented by the pending motion are

---

1. The individual police officers have adopted the City's position on the issues discussed in this opinion.

similar to those raised in *O'Leary v. Village of Elmhurst*, No. 86 C 997, 1989 WL 18333 (N.D.Ill.1989). In *O'Leary*, a § 1983 case involving allegations of police misconduct, the court was faced with a request to impose limitations on disclosure of information contained in police files on two individual officers. The court noted that a protective order must be supported by good cause in order to satisfy Fed.R.Civ.P. 26(c), and found that the need for confidentiality of the information in the files constituted good cause. The court also noted that in order to satisfy constitutional concerns, a protective order must additionally be limited to pretrial civil discovery and must not preclude dissemination of material identical subject to that covered by the order but obtained independent of the discovery process. *Id.*, citing, *inter alia, Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). The court then entered a protective order, but noted that the information would become part of the public record if it were ultimately admissible at trial.

■■■ This court agrees with the reasoning in *O'Leary*. Plaintiffs' allegations concerning the City's policy or custom have not yet been proven, and it is possible that complaints reflected in the files are false or unjustified. Furthermore, the public's interest in access to the information produced during discovery—information the admissibility of which has yet to be determined—is less substantial than its interest in access to materials introduced at trial. *See United States v. Gurney*, 558 F.2d 1202, 1210 (5th Cir.1977), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 (1978); *O'Leary*, 1989 WL 18333; *United States v. Hegge*, 636 F.Supp. 119, 123 (E.D. Wash.1986). Accordingly, the Court will, with minor modifications, adopt the protective order proposed by the City. The protective order is attached as an appendix to this opinion. Should the case proceed to trial, however, the Court will revisit the issue.[2]

## MEMORANDUM OPINION AND ORDER

On December 26, 1990, the Court granted the City's motion for a protective order limiting disclosure of confidential information to third parties. The Court also circulated a draft protective order and afforded the parties an opportunity to comment. Plaintiffs have now objected that the draft protective order is too broad; the City contends that the draft protective order should be entered in its present form.

The Court agrees with plaintiffs that the draft order is too broad insofar as it limits disclosure beyond the extent necessary to ensure confidentiality. Disclosure may only be limited upon a showing of good cause. The Court has found that protection of the privacy interests of the police officers involved and the complaining witnesses constitutes good cause. However, disclosure of information should not be limited where the disclosure would not implicate those privacy concerns. Accordingly, the Court is adding to the protective order a provision which allows disclosure of documents which have been redacted so as to eliminate names and other identifying information concerning complaining witnesses and the police officers involved. The protective order to be entered is attached as an appendix to this opinion.

## APPENDIX

### PROTECTIVE ORDER

This matter coming before the Court on defendant City of Chicago's motion for a protective order, and the Court having found good cause for the issuance of a protective order pursuant to Fed.R.Civ.P. 26(c), it is hereby ordered:

1. The documents and records identified in this order are produced by the City of Chicago in response to plaintiffs' request for production of documents.

2. These records contain confidential information regarding the identity of persons filing complaints with the Office of Professional Standards, including arrest reports,

---

**2.** Similarly, if the documents at issue were relied on by the Court in granting summary judg-

ment, the public would have a greater interest in access.

arrest histories, photographs and medical records of persons not parties to this litigation. The employment files also contain personal and confidential information about the two officers.

3. The following Chicago Police Department records are subject to this order:

(a) Computer generated reports on the disciplinary histories of officers James Serio and Kathleen Moore.

(b) The following complaint register files:

| | |
|---|---|
| 148481 | 163295 |
| 151022 | 169040 |
| 151884 | 170609 |
| 153696 | 170851 |
| 151533 | 170290 |
| 154869 | 168469 |
| 158388 | 171059 |
| 159719 | 155214 |
| 168685 | 166841 |
| 160674 | 165792 |

(c) The personnel files of officers James Serio and Kathleen Moore.

4. That the material produced by the Chicago Police Department pursuant to plaintiffs' Fed.R.Civ.P. 34 production request, identified above, is for the exclusive use of the parties and the attorneys of record and shall be used solely for the purposes of this litigation and not for any other litigation or business purposes, and said material, and the information contained therein, shall in no way be disseminated, discussed, delivered or otherwise brought to the attention of any person, except (1) the parties and attorneys of record herein, their employees and expert witnesses, or (2) to other persons as ordered by a court of law.

5. That the prohibitions stated above shall remain in effect until such time as the defendant agrees to remove or modify, or the Court removes or modifies these prohibitions.

6. That the parties, the attorneys of record, expert witnesses and any stenographic reporters of testimony concerning the documents identified in this order and the information they contain, shall not destroy or retain any of the material turned over to them by the City, or copies thereof, but rather when they wish to dispose of the materials, or upon termination of the proceedings in this action, the material shall be returned to the attorneys for the City.

7. Plaintiffs' counsel and all other persons having possession or control of the complaint register files and employment files identified in this order, or copies thereof, or any transcripts containing any information within said documents, shall return such documents, information and other related material to defendant's counsel within 45 days of the termination of this action.

8. Nothing in this order shall be construed to limit the ability of plaintiffs or their counsel retain or to disclose to other persons any information obtained independently of the discovery in this case. However, if plaintiffs or their counsel intend to retain or disclose information which was obtained independently but which is also found in the files subject to this order, they shall bring the matter to the attention of defendants and the court prior to such disclosure so that the court may hear and rule on any objections concerning whether the information was actually obtained independently.

9. Nothing in this order shall be construed to limit the ability of plaintiffs or their counsel to retain or to disclose to other persons any documents from which the names and other identifying information concerning the complaining witnesses and the police officers have been redacted.

10. If any party files in this case any papers containing the complaint register files or employment files identified in this order, or any information within those files, such material or information shall be filed under seal by submitting to this Court's chambers an original and one copy in separate sealed envelopes. The envelopes shall include on their face the caption of the case and the title of the pleading or document and shall designate that it is filed under seal pursuant to this order. The clerk of court shall then maintain the materials or information under seal and shall make them available only as authorized by the Court. The clerk of the court is hereby directed to hold, in a manner that will safe-

531

guard the confidential nature thereof, all transcripts and other documents containing the herein identified files, or any information within them, filed in this cause, in a sealed envelope marked "confidential" and to make these materials available only as authorized by the court.