Mensah SASU and Anthony Simpson, Plaintiff,

v.

Ed YOSHIMURA and Allen Wittenberg, City of Chicago Police Officers, and City of Chicago, Illinois, Defendants.

No. 92 C 4591.

United States District Court, N.D. Illinois, E.D.

March 3, 1993.

John L. Stainthorp, People's Law Office, Chicago, IL, for plaintiff.

Thomas R. Samson, Patrick J. Rocks, Jr., Donald R. Zoufal, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

According to the allegations of the complaint, plaintiffs Mensah Sasu and Anthony Simpson were in an alley, innocently attempting to recycle items in garbage cans. It is further alleged that, for no reason, plaintiffs were attacked by two Chicago police officers, defendants Ed Yoshimura and Allen Wittenberg. It is also alleged that the beatings were pursuant to a custom or policy of defendant City of Chicago. This includes allegations that the City failed to discipline officers who repeatedly engaged in acts of excessive force and condoned a code of silence that protects officers who engaged in such conduct. Presently before the court is defendants' motion for entry of protective order. The parties dispute the contents of that order which will affect the disclosure of police records, including police disciplinary and personnel records that are potentially relevant to the custom or policy claim against the City.

Defendants seek a protective order that prevents plaintiffs from using any information designated as confidential for any purpose other than this case, prevents plaintiffs from disclosing the confidential documents to persons not involved in the case, and prevents plaintiffs from retaining any of the confidential documents after this case is completed. On the other side, plaintiffs seek to include a provision that reads: "All Confidential Matter shall be used only for purposes of preparation for trial or trial of this cause and, notwithstanding defendants' objection, other litigation in which Discovering Party's lawyers here are also lawyers for a party there, and not for any other litigation or business purposes, and shall be disclosed only in accordance with the terms of this Order."[1]

Plaintiffs' proposed protective order also has other additional disclosure provisions not contained in defendants' proposed version. Plaintiffs' version would permit disclosure to (a) other attorneys involved in police misconduct cases against Chicago police officers; (b) attorneys preparing police misconduct cases against Chicago police officers; and (c)

---

1. Defendants' proposed protective order is attached as Appendix A. Plaintiffs' proposed protective order is attached as Appendix B.

criminal defense attorneys contemplating defenses of clients based on police misconduct[2] (hereinafter "outside attorneys"). Disclosure to the outside attorneys would be limited to the outside attorneys viewing the documents and communications from the attorneys in the present case; providing copies of documents to the outside attorneys would not be permitted. Plaintiffs' draft also provides that an outside attorney must obtain permission from the court in which the other case is pending.[3] There is no provision that confidential documents will be returned when the case is terminated. Furthermore, plaintiffs include the following provision:

> 8. Nothing in this Order shall be construed to limit the ability of the Discovering Party or his counsel to disclose publicly to other persons any documents from which the names and all other identifying information concerning the complaining witnesses and the police officers and other third parties have been redacted, or to disclose publicly statistical and other information compiled or deduced from these files, if the identity of the defendant or other police officers, complaining witnesses and other third parties is not revealed or otherwise compromised by this disclosure. It shall be the obligation of the Discovering Party to make such redactions before any such disclosure is made, subject to notice and review by the Responding Party's counsel and, if necessary, by this court.

Plaintiffs' version is essentially the same as a protective order that Judge Shadur of this court approved, over the objection of defendants, in *Fallon v. Dillon* (90 C 6722), 1991 WL 28223. Chief Judge Moran of this court also approved such a protective order over defendants' objections. *See Fuentes v. City of Chicago*, 1993 WL 13447 (N.D.Ill. Jan. 21, 1993). Now Circuit Judge Rovner, while still

on this court, approved, over objection, a protective order containing a provision essentially the same as plaintiffs' proposed ¶ 8. *See McLin v. City of Chicago*, 133 F.R.D. 527, 530 (N.D.Ill.1990). Defendants represent that, on contested motions, two other judges of this court have approved the type of protective order proposed by the City and denied use of *Fallon*-type protective orders proposed by the plaintiffs in those cases. *See Djikas v. City of Chicago* (89 C 7743, Holderman, J.); *Chidester v. Spencer* (91 C 4145, Andersen, J.).[4]

■ Defendants argue that this court should not consider the merits of plaintiffs' version on the ground that plaintiffs had agreed to accept defendants' version and cannot now back out of their agreement. Regardless of whether an accord between the parties actually had been reached, a protective order also requires the approval of the court before it can be effective. Defendants still would have to show good cause for their proposed confidentiality rules even if they were presenting an agreed protective order. *See* Fed.R.Civ.P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37, 104 S.Ct. 2199, 2209–10, 81 L.Ed.2d 17 (1984). The merits of the two proposals will be considered.

■ Defendants base their need for a protective order on the private information about police officers and their families contained in personnel records that will be provided in response to plaintiffs' discovery requests. Defendants will also be providing files of internal Police Department investigations of complaints against police officers. Those files contain information about officers, crime victims, and complaining witnesses. Both the personnel records and the investigation files are confidential records that are entitled to protection. *See McLin*, 133 F.R.D. at 529; *Czajkowski v. City of Chica-*

---

**2.** As presently drafted, the provision regarding criminal defense attorneys is not expressly limited to misconduct of Chicago police officers.

**3.** Attorneys who are still in the process of preparing pleadings, and therefore there is not yet any court in which a case has been filed, would have to disclose to the City the names of their clients.

**4.** Defendants also cite *Czajkowski v. City of Chicago*, 1992 WL 57945 (N.D.Ill. March 20, 1992) (Hart, J.). Although that case states that the protective order is to provide for no disclosure to third parties, that was not the issue in dispute in that case.

*go*, 1992 WL 57945 *2 (N.D.Ill. March 20, 1992); *Martinez v. City of Stockton*, 132 F.R.D. 677, 681–82 (E.D.Cal.1990). Good cause exists for granting some form of protective order.

■ In a recent opinion, the Seventh Circuit denied leave to file appellate briefs under seal. *See In re Grand Jury Proceedings: Victor Krynicki*, 983 F.2d 74 (7th Cir. 1992). There, the Seventh Circuit emphasized that the confidentiality of court filings should be tailored to the narrow purposes being served, also keeping in mind that the need for confidentiality may also have time limitations. *See id.*, 983 F.2d at 76–77. The court also indicated that standardless protective orders permitting any or all documents to be designated as confidential generally are not appropriate. *See id.* at 77–78. Here, neither party seeks the ability to designate all documents as confidential. Both proposals refer to the need to protect "documents or oral testimony which may contain highly sensitive and confidential personal, employment, disciplinary, police investigatory, witness and medical information of a non-public nature." [5] Both proposals also permit either side to object to the other's designation of a particular document as confidential. Both proposals, therefore, satisfy the requirement of providing criteria for limiting which documents may be designated as confidential.

The protective order, however, still must be tailored to fit the confidentiality interests involved. There is no contention that the City itself has any confidentiality interests, only that the police officers, their families, and complaining witnesses have confidentiality interests. Therefore, where documents have been redacted to exclude identifying information, they should not be designated as confidential. Also, any statistics that are compiled would not be confidential. Clearly, plaintiffs are entitled to have ¶ 8 of their proposed version included in the protective order. *McLin*, 133 F.R.D. at 529.

■ The other issue in contention is whether confidential documents can be provided to other attorneys, or used by attorneys in this case, for other cases. The obligation to keep the information confidential would still apply to the other attorneys. There is, however, no right to use pretrial discovery in one case for the prosecution of another case. *Seattle Times*, 467 U.S. at 32–34, 104 S.Ct. at 2207–08. On the other hand, a party does have an interest in preventing the dissemination of confidential information. *Id.* at 34–36, 104 S.Ct. at 2208–09. Plaintiffs have a First Amendment right to disseminate any nonconfidential information they may obtain during discovery and any information related to the case but found through other sources, but their First Amendment rights are not impinged when the protective order precludes them from disseminating or putting to other uses the confidential information that they have obtained in discovery. *Id.* at 36, 104 S.Ct. at 2209; *McLin*, 133 F.R.D. at 529. Plaintiffs' provisions regarding use of confidential information for other cases will not be permitted. This, however, in no way precludes plaintiffs from disseminating nonconfidential information, including redacted versions of documents and statistical information about police practices.

---

**5.** Defendants' version also contains the following paragraph:

10. Notwithstanding the foregoing provisions, the Responding Party shall have the right to redact from all Confidential Matter and those documents that are not designated as Confidential Matter any and all references to any individual police officer's personal and confidential information about himself and his family, including but not limited to his social security number, home address and telephone number, the names of his family members, names of his insurance beneficiaries, his date of birth, driver's license number, names and addresses of his non-City employment, references and his salary.

Plaintiffs' ¶ 7 is essentially the same except that it limits this provision to redaction by defendants and has some grammatical differences. "Responding Party" is a more proper designation since both sides should have this option, though, as a practical matter, it would most likely be defendants who would be providing documents with personal information about police officers. Also, as the discussion below indicates, documents with these redactions would no longer qualify as confidential documents unless other confidential information is contained in them.

■ There is another modification that must be made to the proposed protective orders. This bench does not grant protective orders that automatically permit documents designated as confidential to be filed with the Clerk of the Court under seal. The vault where such sealed documents are stored has only limited space and is generally filled to capacity. Paragraph 4(f) of defendants' proposed protective order should be modified or deleted and the protective order should instead provide that leave of court must be expressly obtained for any specific document that a party desires to file under seal with the Clerk of the Court. Leave to file documents under seal will not be granted routinely; it will only be granted when there is a shown need to maintain confidentiality of a particular document.[6]

In summary, defendants' version of the protective order is accepted with the following revisions. Paragraph 8 of plaintiffs' version should be incorporated into the protective order with any other necessary changes being made to defendants' version so as to be consistent with this addition. Paragraph 10 of defendants' version should be substituted for plaintiffs' ¶ 7, with modifications .also made to clarify that documents that have all confidential information redacted shall not be designated as confidential. Plaintiffs' ¶ 4(f) should be modified or deleted and the protective order should provide that sealed documents may only be filed with the court if leave to do so is expressly obtained as to each particular document to be filed under seal.

IT IS THEREFORE ORDERED that defendants' motion for a protective order is granted in part and denied in part. By March 5, 1993, defendants shall submit a revised draft protective order that is consistent with today's ruling. All discovery is to be completed by March 30, 1993. Status hearing set for March 30, 1993 at 9:15 a.m.

### APPENDIX A—Defendants' Version

### AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) the parties to this action, by and through their respective counsel, have represented to the Court and the Court finds:

A. The parties anticipate the need for discovery involving the production and disclosure of documents, data and other materials, and information, the answering of interrogatories and requests for admission, and the taking of testimony by oral deposition; and

B. The parties recognize that the scope of discovery will encompass the production by either party of documents or oral testimony which may contain highly sensitive and confidential personal, employment, disciplinary, police investigatory, witness and medical information of a non-public nature, (hereinafter referred to as "Confidential Matter"), that may be subject to discovery in this action, but which should not be generally available to the general public. The designation of information as "Confidential Matter" does not create any presumption for or against that treatment. Accordingly, the parties have submitted a joint motion for entry of this Agreed Protective Order, and the Court finding good cause for entry of this Protective Order, IT IS ORDERED THAT:

1. When used in this Agreed Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by a party pursuant to discovery, including, but not limited to, designated interrogatory answers, designated requests

---

6. As an alternative to filing documents under seal with the Clerk of the Court, leave will sometimes be granted to file one copy of a document with the judge's minute clerk with no original placed in the official court file, only a notice of filing being placed in the official court file. Again, leave to file in this manner will be granted only if a genuine need for confidentiality is shown to exist. If leave is granted and the document is later required for other purposes, such as an appeal, the official court record can be supplemented at that time, generally with the parties stipulating to the authenticity of the supplemental document.

to admit and responses thereto, documents produced by any party or non-party in this action whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement, deposition transcripts and exhibits and any portion of any Court papers which quote from or summarize any of the foregoing.

2. This Order governs all discovery material, including all copies, excerpts, or notes thereof, whether produced by the parties or by non-parties. All discovery material shall be used only for purposes of preparation for trial or trial of this cause and not for any other litigation or business purposes and shall be disclosed only in accordance with the terms of this Order.

3. With respect to Confidential Matter that has been or will be requested through discovery, either party, responding to the request in question, shall not withhold all or any part of the same on the ground that it contains sensitive and confidential information, but shall identify such matter as being "Confidential Matter." Each document designated as Confidential Matter shall bear the following designation:

CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 92 C 4591.

4. All documents designated as Confidential Matter may be examined and otherwise used solely by counsel to this action, only for the purposes of this litigation, and for no other purposes. Counsel in this action shall not disclose documents designated as Confidential Matter except to the following persons:

a. The parties to this litigation as may be needed to prosecute or defend this action;

b. Counsel for the parties to this litigation, including co-counsel and employees of counsel who are employed in connection with preparation for and trial of this litigation;

c. Experts retained to furnish technical or expert services specifically for this litigation or give testimony in connection with this litigation, including independent experts hired specifically for this litigation, employees of parties herein designated by said parties as experts hired specifically for this litigation, and employees or clerical assistants of said experts performing work in connection with this litigation, to the extent deemed necessary by counsel;

d. Deponents during the course of their depositions, provided that to the extent that portions of the transcript of any deposition or the exhibits thereto incorporate the Confidential Matter, such transcript portions and any such exhibit shall be subject to the terms of this Stipulation and Protective Order in the same manner as Confidential Matter;

e. Witnesses and prospective witnesses, to the extent deemed necessary by counsel, to prepare for or give testimony in this litigation or to assist counsel in performing work in connection with this litigation;

f. The Court and court personnel, *in camera*, under seal, as necessary in support of motions, pleadings and other court papers and proceedings; provided that Confidential Matter may be disclosed at any evidentiary hearing as long as the party who produced the Confidential Matter in the first instance has sufficient notice of its disclosure to enable that party to seek protection from the Court of the Confidential Matter.

5. Prior to disclosing Confidential Matter to any persons enumerated in paragraph 4(a) through (e) above ("person"), counsel in this action must first inform each such person that the documents containing Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order. Such counsel shall obtain from each person reviewing Confiden-

tial Matter an affidavit in the form affixed hereto as Exhibit "A." Copies of such affidavits shall be disseminated to counsel for the other party when signed. This responsibility is binding on all attorney of records.

6. Upon final termination of the above-entitled action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Matter shall continue to be binding upon all attorneys of record, their employees, the parties herein, their officers and employees, deposition witnesses, experts, consultants and others. Further, upon final termination of the above-entitled action, and upon a party's request, the original and all copies of all Confidential Matter, including those portions of deposition transcripts and the deposition exhibits containing Confidential Matter, shall be returned to the producing party's respective counsel within sixty (60) days. Furthermore, unless otherwise retrieved from the Court, after the expiration of 45 days, any Confidential Matter not retrieved by counsel shall be unsealed and treated in the ordinary course of the clerk's business pursuant to Local Rule No. 10.

7. Notwithstanding, the foregoing provisions defendants shall have the right to redact from all Confidential Matter and those documents which are not designated as confidential any and all references to any individual police officer's personal and confidential information about himself and his family, including but not limited to, his social security number, home address and telephone number, the names of his family members, names of his insurance beneficiaries, his date of birth, driver's license number, names and addresses of his non-City employment references and his salary.

8. By this Agreed Protective Order, the Discovering Party does not waive its right to make application to the Court, with notice, for a determination that any Confidential Matter produced by Responding Party does not contain sensitive and confidential information. If disputes arise concerning the propriety of designating documents as confidential, or concerning any other matter relating

to the application of this order, counsel shall attempt to resolve these disputes by agreement before seeking a court order. If counsel cannot resolve such disputes by agreement, they reserve the right to ask the Court to resolve these disputes pursuant to the applicable Rules of Civil Procedure.

9. Nothing in this order shall be construed to limit the ability of the parties/or their counsel to disclose to other persons any information obtained independently of the discovery in this case.

10. This Agreed Protective Order may be modified by further written stipulation signed by the undersigned attorneys and/or by further order of this Court upon application to the Court with notice.

11. Nothing in this Agreed Protective Order shall be deemed a waiver of either parties right to object to the purported discovery on the basis of relevance, materiality, privilege, overbreadth or any other recognized objection to discovery.

BY: _____
One of the Attorneys for
Plaintiff

BY: _____
One of the Attorneys for
Defendants Yoshimura
and Wittenburg

BY: _____
One of the Attorneys for
Defendant City of Chicago

ENTERED:

I, _____ being first duly sworn, depose and say:

1. I have read and know the contents of the Agreed Protective Order ("Protective Order") dated _____, 1993 and filed in the above-entitled action on _____, 1993.

2. I am one of the persons described in Paragraph 4(a)-(e) of the Protective Order, and I am executing this Affidavit and agreeing to enter into this Stipulation in order to satisfy the conditions provided in Paragraph 5 of the Protective Order prior to the disclosure to me on any Confidential Matter as said term is defined and described in the Protective Order.

3. I expressly represent and agree that:

(a) I have read and shall be fully bound by the terms of the Protective Order;

(b) All such Confidential Matter as is disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject of, the Confidential Matter except in accordance with the Protective Order;

(c) I shall not disclose the contents or subject matter of all such Confidential Matter to anyone, other than in accordance with the Protective Order, at anytime hereafter;

(d) I shall, upon being notified of the termination of the above-entitled action, proffer the return of all copies of all Confidential Matter to the Responding Party's counsel.

4. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person wherever I shall be, for the enforcement of the Court's Order to be entered as provided in the stipulation.

Dated: _____, 1993

_____

Signed and Sworn to
Before me on this
__ day of _____, 1993

_____

NOTARY PUBLIC

### APPENDIX B—Plaintiffs' Version

### AGREED PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P. ("Rule") 26(c), the parties to this action by and through their respective counsel have represented to this Court, and this Court finds that:

A. The parties anticipate the need for discovery involving the production and disclosure of documents, data and other materials, and information, the answering of interrogatories and requests for admission, and the taking of testimony by oral deposition.

B. The parties recognize that the scope of discovery will encompass the production by defendants of documents or oral testimony that defendants believe may contain highly sensitive and confidential personal, employment, disciplinary, investigatory, witness and medical information of a non-public nature (hereinafter referred to as "Confidential Matter"), that may be subject to discovery in this action. The designation of information as "Confidential Matter" does not create any presumption for or against that treatment.

Accordingly, the parties have submitted a joint motion for entry of this Protective Order and this Court finds good cause for entry of this Protective Order. IT IS ORDERED THAT:

1. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever produced by a party pursuant to discovery including but not limited to designated interrogatory answers, designated requests to admit and responses thereto, documents produced by any party or non-party in this action whether pursuant to Rule 34 or subpoena or by agreement, deposition transcripts and exhibits and any portion of any court papers that quote from or summarize any of the foregoing. The word "party" or "parties" means the parties to this action their attorneys and their attorneys' staffs.

2. This Order governs all discovery material designated as "Confidential Matter," including all copies and excerpts or notes thereof, whether produced by the parties or by non-parties. All Confidential Matter shall be used only for purposes of preparation for trial or trial of this cause and, notwithstanding defendants' objection, other litigation in which Discovering Party's lawyers here are also lawyers for a party there, and not for any other litigation or business purposes, and shall be disclosed only in accordance with the terms of this Order. This Order does not cover materials disclosed by the City in other litigation where that material was not subject to a protective order or other limitation on its use or dissemination (e.g., an agreement by the parties that the material is for "counsel's eyes only.")

3. With respect to Confidential Matter that has been or will be requested through discovery by a party (the "Discovering Par-

ty"), the party responding to the request in question (the "Responding Party") shall identify such matter as being "Confidential Matter." Each document designated as Confidential Matter shall bear the following designation:

CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 92 C 4591

In addition to designating Confidential Matter in the manner described this paragraph, the Responding Party may affix identifying numbers to the pages of any documents designated as Confidential Matter. Any party adopting a numerical identification system shall inform all other parties that such a system is being used.

4. The Discovering Party in this action shall not disclose documents designated as Confidential Matter except to the following persons:

a. the parties to this litigation as may be needed to prosecute or defend this action;

b. counsel for the parties to this litigation, including co-counsel and employees of counsel who are employed in connection with preparation for and trial of this litigation;

c. experts retained to furnish technical or expert services specifically for this litigation or give testimony in connection with this litigation, including independent experts hired specifically for this litigation, employees of parties herein designated by said parties as experts hired specifically for this litigation, and employees or clerical assistants of said experts performing work in connection with this litigation, to the extent deemed necessary by counsel;

d. deponents during the course of their depositions, provided that to the extent that portions of the transcript of any deposition or the exhibits thereto incorporate the Confidential Matter, such transcript portions and any such exhibit shall be subject to the terms of this Protective Order in the same manner as Confidential Matter;

e. witnesses and prospective witnesses, to the extent deemed necessary by counsel, to prepare for or give testimony in this litigation or to assist counsel in performing work in connection with this litigation;

f. this Court and court personnel, *in camera*, under seal, as necessary in support of motions, pleadings and other court papers and proceedings; provided that Confidential Matter may be disclosed at any evidentiary hearing as long as the party who produced the Confidential Matter in the first instance has sufficient notice of its disclosure to enable that party to seek protection from this Court of the Confidential Matter;

g. attorneys who have filed appearances in other civil actions involving allegations of excessive force or other police misconduct against Chicago police officers; but in the event disclosure occurs under this paragraph 4(g), the attorney to whom the Confidential Matter or information is disclosed must obtain from the Court in which his or her client's case is pending an order granting that attorney leave to obtain copies of said Confidential Matter;

h. attorneys who have not filed appearances on behalf of plaintiffs/petitioners in other civil actions involving allegations of excessive force or other police misconduct against Chicago police officers but who are preparing complaints to be filed in the near future; but in the event disclosure occurs under this paragraph 4(h), the attorney who is to receive Confidential Matter must disclose to the City of Chicago the name of the plaintiff for whom he or she is receiving the confidential Matter, which disclosure shall be made at the time the affidavit described in paragraph 5 is executed and delivered to the other parties;

i. criminal defense attorneys who represent a defendant or defendants in a criminal cases where he or she is either contemplating, in good faith, to litigate, or is litigating, on motions, at trial, on appeal, or for other collateral relief, the issue of police use of excessive force or other police misconduct; but in the event disclosure occurs under this paragraph 4(i), the attorney to whom Confidential Matter or information is disclosed must obtain from the

Court in which his or her client's case is pending an order granting that attorney leave to obtain copies of said Confidential Matter;

It is further understood that the term "disclosure" in this context means that the Discovering Party may allow attorneys described in paragraph 4(g), (h) and (i) to review Confidential Matter or inform them of the contents of said materials, but that disclosure does not include copying or otherwise producing Confidential Matter by or for those attorneys.

5. Before disclosing Confidential Matter to any other person enumerated in paragraph 4(a) through (i), the Discovering Party in this action must first inform each such person that the documents containing Confidential Matter to be disclosed are confidential, are to be held in confidence, are to be used solely for the purpose of preparing for this litigation, and further that these restrictions are imposed by a court order. In addition:

a. The Discovering Party in this action shall obtain from each person reviewing confidential Matter under the authority granted in paragraph 4(a), (b), (c), (d) or (e) an affidavit in the form affixed hereto as Exhibit "A." Copies of such signed affidavits shall be disseminated to counsel for the other party before the disclosure of any documents or information subject to this order. This responsibility is binding on all attorneys of record.

b. The Discovering Party in this action shall obtain from each attorney reviewing Confidential Matter under the authority granted in paragraphs 4(g), (h) and (i) a written acknowledgement in the form affixed hereto as Exhibit "B." Copies of such signed acknowledgements shall be disseminated to counsel before the disclosure of any documents or information subject to this order.

6. Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Matter shall continue to be binding upon all attorneys of record, their employees, the parties herein, their officers and employees, deposition witnesses, experts, consultants and others. Unless otherwise retrieved from this District Court, after the expiration of 45 days following such final termination, any Confidential Matter that has been filed in this action under seal shall be unsealed and treated in the ordinary course of the business of the Clerk of Court pursuant to this District Court's General Rule 10.

7. Counsel for the Discovering Party in this case and their partners may use the Confidential Matter obtained in this case in other cases brought or defended by them subject to the limitations of this Order (which shall not include the limitation imposed by paragraphs 4(g) and (i) unless so ordered by the judge before whom a specific other case is pending) and subject to any and all other rulings by the judge before whom the case is pending.

8. Nothing in this Order shall be construed to limit the ability of the Discovering Party or his counsel to disclose publicly to other persons any documents from which the names and all other identifying information concerning the complaining witnesses and the police officers and other third parties have been redacted, or to disclose publicly statistical and other information compiled or deduced from these files, if the identity of the defendant or other police officers, complaining witnesses and other third parties is not revealed or otherwise compromised by the disclosure. It shall be the obligation of the Discovering Party to make such redactions before any such disclosure is made, subject to notice and review by the Responding Party's counsel and, if necessary, by this Court.

9. The identity of a defendant, plaintiff, complaining witness, police officers or other third party may be disclosed if such person formally, either under oath or in writing, agrees to waive said confidentiality. Ten days before disclosure of the identity of the person waiving confidentiality, the Discovering Party shall notify the City in writing of the waiver of confidentiality.

10. Notwithstanding the foregoing provisions, the Responding Party shall have the

right to redact from all Confidential Matter and those documents that are not designated as Confidential Matter any and all references to any individual police officer's personal and confidential information about himself and his family, including but not limited to his social security number, home address and telephone number, the names of his family members, names of his insurance beneficiaries, his date of birth, driver's license number, names and addresses of his non-City employment, references and his salary.

11. By this Order, the Discovering Party does not waive its right to make application to this Court, with notice, for a determination that any Confidential Matter produced by the Responding Party does not contain sensitive and confidential information. If disputes arise concerning the propriety of designating documents as Confidential Matter, or concerning any other matter relating to the application of this Order, counsel shall attempt to resolve such disputes by agreement before seeking a court order. If counsel cannot resolve such disputes by agreement, they reserve the right to ask this Court to resolve these disputes pursuant to the applicable Rules.

12. This Order may be modified by further written stipulation signed by the undersigned attorneys and/or by the further notice of this Court upon application to this Court with notice.

13. Nothing in this Order shall be deemed a waiver of any party's right to object to the purported discovery on the basis of relevance, materiality, privilege, overbreadth or any other recognized objection to discovery.

BY: _____
One of the Attorneys for
Plaintiffs

BY: _____
One of the Attorneys for
Defendants

ENTERED: _____, 1993

_____

UNITED STATES DISTRICT JUDGE

## EXHIBIT B

I, _____, an attorney herein state:

1. I have read and know the contents of the Protective Order ("Protective Order") dated _____, 1993 and filed in the above-entitled action on _____, 1993.

2. I am one of the persons described in Paragraph 4(g)–(i) of the Protective Order.

(a) I am an attorney representing the plaintiff/defendant (circle one) _____, in an action entitled _____, Docket No. _____ which is now pending in the United States District Court before Judge _____.

(b) I am an attorney preparing to file a complaint on behalf of my client _____, who is a prospective plaintiff in a civil action as defined in paragraph 4(h) of the Protective Order.

3. I am executing this Acknowledgement in order to satisfy the conditions provided in Paragraph 5 of the Protective Order prior to the disclosure to me of any Confidential Matter as said term is defined and described in the Protective Order.

4. I expressly represent and agree that:

(a) I have read and shall be fully bound by the terms of the Protective Order;

(b) All such Confidential Matter as is disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject of, the Confidential Matter except in accordance with the Protective Order;

(c) I shall not disclose the contents or subject matter of all such Confidential Matter to anyone, other than in accordance with the Protective Order, at anytime hereafter;

5. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person wherever I shall be, for the enforcement of the Court's Order to be entered as provided in the stipulation.

Dated: _____, 1993