In the Matter of Grand Jury Proceedings: Victor KRYNICKI, Respondent–Appellant.

Carol Falk LOPACICH, Plaintiff–Appellant,

v.

Ralph FALK II, Defendant–Appellee.

Nos. 92–2227, 92–2775.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 6, 1992.

Decided Dec. 8, 1992.

Alan Rhine, Stackler & Augustine, Chicago, IL, for Victor Krynicki.

Brian W. Blanchard, Office of the U.S. Atty., Criminal Div., Barry R. Elden, Asst. U.S. Atty., Office of the U.S. Atty., Criminal Receiving, Appellate Div., Chicago, IL, for U.S.

Paul D. Weatherhead, John A. Cook, Hough, Cook, Weatherhead & Kinsella, David M. Levin, John W. Hough, Hough & Cook, Chicago, IL, for Carol Falk Lopacich.

Lee A. Watson, Jaye Quadrozzi, Melvin E. Katten, Katten, Muchin & Zavis, Chicago, IL, for Ralph Falk II.

## ON MOTIONS TO SEAL APPELLATE BRIEFS

EASTERBROOK, Circuit Judge.

■ Parties to two pending appeals want the briefs sealed. Not the names of the parties or portions of the record, steps to protect property or privacy interests in the event of pressing need, but the whole appeal—briefs, record, and presumably the oral argument. Requests to seal the briefs reach me a few times every year in my capacity as motions judge. I always deny these motions, informing the parties that they must file public briefs but may add sealed supplements if necessary to discuss in detail materials that they are legally required to keep confidential. Other judges of this court follow the same practice, and I am aware of only one recent case in which briefs were withheld from the public. *A Sealed Case*, 890 F.2d 15 (7th Cir.1989). That appeal involved a collateral dispute rather than the substance of the case, and we published the opinion to facilitate public scrutiny of our processes.

Still the motions keep coming. The two under consideration were received on the same day. They are alike in citing no authority for withdrawing the entire litigation from the public record. None is to be found, although there are scattered, and unexplained, examples. E.g., *Ospina v. Trans World Airlines, Inc.*, 975 F.2d 35, 36 (2d Cir.1992). For the guidance of litigants, I am publishing a brief explanation of my practice.

■ None of the Federal Rules of Appellate Procedure authorizes a court to seal the briefs. These rules do not exhaust the powers of appellate courts, see Fed. R.App.P. 2 and Circuit Rule 2, but when proceeding in common law fashion courts must reckon with the corpus of the common law. Judicial proceedings in the United States are open to the public—in criminal cases by constitutional command, and in civil cases by force of tradition. *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99, 98 S.Ct. 1306, 1311–13, 55 L.Ed.2d 570 (1978); *In re Reporters*

*Committee for Freedom of the Press*, 773 F.2d 1325, 1331–33 (D.C.Cir.1985) (Scalia, J.). What happens in the halls of government is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat; this requires rigorous justification.

A desire to protect both persons who may be unjustly suspected of crime and the safety of those who provide information underlies Fed.R.Crim.P. 6(e)(2), which draws a veil of secrecy over "matters occurring before the grand jury". Any indictment is public, along with the evidence at trial. The grand jury proceedings themselves may be disclosed if the need is great. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). Cf. *United States v. Dorfman*, 690 F.2d 1230 (7th Cir.1982) (same treatment of documents, such as transcripts of wiretaps, sealed under statutory authority). Protective orders entered during discovery in civil cases have a similar justification, and similar limits. Confidentiality while information is being gathered not only protects trade secrets but also promotes disclosure: parties having arguable grounds to resist discovery are more likely to turn over their information if they know that the audience is limited and the court will entertain arguments focused on vital knowledge that a party wants to use later. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). Information that is used at trial or otherwise becomes the basis of decision enters the public record. *In re Continental Illinois Securities Litigation*, 732 F.2d 1302, 1308–16 (7th Cir.1984).

Doctrines that initially seem to support secrecy thus turn out to be about the timing of disclosure. Cf. *In re Search Warrant*, 855 F.2d 569 (8th Cir.1988); *Interested Individuals v. Pulitzer Publishing Co.*, 895 F.2d 460 (8th Cir.1990). Secrecy per-

sists only if the court does not use the information to reach a decision on the merits. See *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 509–10 (1st Cir.1989) (distinguishing the practice of sealing a grand jury's "no bill" from the tradition of open access to records of cases that have been tried).

Public argument is the norm even, perhaps especially, when the case is about the right to suppress publication of information. Briefs in the *Pentagon Papers* case, *New York Times Co. v. United States*, 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971), and the hydrogen bomb plans case, *United States v. Progressive, Inc.*, 467 F.Supp. 990, rehearing denied, 486 F.Supp. 5 (W.D.Wis.), appeal dismissed, 610 F.2d 819 (7th Cir.1979), were available to the press, although sealed appendices discussed in detail the documents for which protection was sought. The Court denied a motion to close part of the oral argument in the *Pentagon Papers* case. 403 U.S. 944, 91 S.Ct. 2271, 29 L.Ed.2d 854 (1971). See also *In re United States*, 872 F.2d 472 (D.C.Cir.1989) (public briefs and opinion in a national security case, although parts of the dissenting opinion were sealed to protect confidences).

The occasional withholding of the name of a litigant also does not shield the facts and arguments of the case. The parties present public arguments leading to a public decision. E.g., *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989). See also *Coe v. United States District Court*, 676 F.2d 411 (10th Cir.1982) (stressing the strong presumption that litigants' identities be disclosed).

Have the litigants in today's two cases done more to justify the sealing of the briefs than the litigants in cases such as *Pentagon Papers*, where disclosure was said to threaten the national security, and *The Progressive*, where disclosure was said to threaten the survival of mankind? Not exactly.

■ In the first of these two cases, the district judge held Victor Krynicki in contempt of court for refusing to supply infor-mation called for by a grand jury's subpoena. The subpoena requires Krynicki, a physician, to produce the records of 120 named patients he treated for weight loss. Krynicki moved to quash the subpoena, asserting a physician-patient privilege. Chief Judge Moran denied this motion. When Krynicki still did not produce the documents, the court imposed a fine of $100 per day, which has been accumulating since May 15, 1992. Krynicki's brief on appeal asks us to establish a privilege in medical records and contends that the subpoena is at all events unreasonably broad.

Krynicki filed his brief in public, and the prosecutor does not contend that this document breaches the confidentiality of the grand jury established by Rule 6(e)(2). Only "matters occurring before" the grand jury are secret. *In re Special March 1981 Grand Jury*, 753 F.2d 575 (7th Cir.1985). Persons from whom the grand jury seeks information may announce to the public, as Krynicki has done, that the demands have been received and will be resisted. Courts routinely receive public briefs and issue opinions in cases of this nature, while being careful to omit details within the scope of Rule 6(e)(2). E.g., *In re Sinadinos*, 760 F.2d 167 (7th Cir.1985); *In re Klein*, 776 F.2d 628 (7th Cir.1985).

■ Although Krynicki's brief is available to the public, the United States wants to file its reply under seal. Its full rationale is: "The record which forms the basis of the instant appeal has been placed under seal. The government has timely filed its responsive brief and seeks to continue to comply with the requirements of Fed. R.Crim.P. 6(e)." What requirement of Rule 6(e) might the prosecutor have in mind, given that Krynicki has not produced anything yet? The motion does not say. The brief tendered with the motion discusses the subject matter of the grand jury's inquiry in only the most general terms, revealing nothing that the prosecutor has not already communicated to Krynicki. The brief does not discuss evidence produced by other witnesses before the grand jury, and it had no need to. *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 111

S.Ct. 722, 112 L.Ed.2d 795 (1991). I see no reason why the argument in this case cannot be public. Even in the district court, proceedings are sealed only "to the extent and for such time as is necessary to prevent disclosure of matters occurring before the grand jury." Fed.R.Crim.P. 6(e)(6). If, as the United States represents, the district court has sealed the *entire* record of the contempt proceeding against Krynicki, it has exceeded the authority granted by Rule 6(e)(6). Just in case the prosecutor fears sanctions for inadvertent violation of an unjustified secrecy order, I grant the parties leave to discuss in their briefs all material other than "matters occurring before the grand jury" itself. Any part of the record that must remain secret under Rule 6(e)(2) may be discussed in sealed appendices to the briefs, but the briefs themselves, including all of the legal argument, belong in the public domain.

The second appeal arises out of private litigation under the diversity jurisdiction. Children of a wealthy entrepreneur are fighting about money. Like many a quarrel among the rich or famous, this one has been publicized. E.g., Matt O'Connor, "Baxter feud: Tales of the rich and sad", *Chicago Tribune* Sept. 28, 1992, sec. 1, page 1, col. 1. Defendant Ralph Falk II believes that his sister, plaintiff Carol Falk Lopacich, who received a total of $100 from their parents' wills, is pursuing the litigation in part to obtain and disclose financial details about him and his family. Instead of resisting his sister's demands for discovery—defendant does not assert that any of the information is privileged, but the requests might have been thought excessive or unlikely to lead to relevant and admissible evidence—defendant asked for an order limiting the use of the information he produced. A magistrate judge accommodated him, entering an order providing: "Counsel for any party ... may designate any documents, deposition testimony, interrogatory responses or other information taken, given or exchanged in the course of pretrial discovery in this action 'Confidential'". This extraordinary order, for which the magistrate judge gave neither reason nor authority, permits anyone to designate any

discovery material as confidential, for any or no reason. The designation is perpetual. "In the event that any Confidential Discovery Materials are used in any court proceeding in this action, they shall not lose their confidential status through such use." Although defendant wanted the order, plaintiff proceeded to make the most use of it. She designated *everything* as confidential. As a result, all briefs in the district court were filed under seal, although the magistrate judge's lengthy report recommending summary judgment for defendant has been published. 1992 WL 402932, 1992 U.S. Dist. Lexis 5642, adopted, 1992 U.S. Dist. Lexis 8400.

Plaintiff's opening brief on appeal was filed under the banner:

* * * CONFIDENTIAL * * *

TO BE FILED UNDER SEAL

PURSUANT TO ORDER OF

CONFIDENTIALITY ENTERED
DECEMBER 5, 1991

No magistrate judge can authorize litigants to file clandestine briefs in this court, and the order of December 5, 1991, did not purport to do so. The clerk's office struck out this caption and informed the parties that the brief would be placed in the public record unless a judge of this court ordered it concealed. Defendant has asked us to seal his sister's brief, representing that it refers to (and the appendix reproduces) deposition transcripts that have been marked confidential, that the press is bound to be interested, and that defendant "has a legitimate interest to protect his private family and financial concerns, especially in light of his minor children whose safety and well being may be placed at risk if the press continues to publish reports regarding details of this case." The reference to children's safety is mysterious unless defendant is worried about kidnapping, yet the press already has published reports of his wealth, and he does not inform us what additional information lurks in the sealed transcripts. In this and all other respects defendant omits any argument that might

show why the information should be secret. That journalists are interested in the events underlying litigation is neither unusual nor deplorable. Judicial proceedings are not closed whenever the details are titillating, and open only when the facts are so boring that no one other than the parties cares about them.

Carol Falk Lopacich contends that her brother breached the duty he owed to her as the trustee of a trust of which she was a beneficiary, and that he caused her emotional distress by preventing her from visiting their aged mother (and, perhaps, being restored to her graces before her death). Her brief on appeal discusses these contentions at a level of factual detail appropriate to the legal claims. Although the brief contains some snippets designed to tug at the heartstrings, few advocates disdain emotional pleas open to them. Sentimental pleas rarely succeed; we are a court of law and not the court of public opinion; yet John W. Davis himself could not resist throwing in a few arguments of this genre. Milton S. Gould, *Oral Argument Losing its Appeal*, National L.J. 15, 32 (Mar. 23, 1981); see also William H. Harbaugh, *Lawyer's Lawyer: The Life of John W. Davis* (1973). My quick tour of the brief does not lead me to conclude that Carol is trying to wring hush money from Ralph. The district judge thought that she had a losing argument, but it is one she is entitled to make, at whatever peril she faces under Fed.R.App.P. 38. I decline to seal the brief.

Nonetheless, plaintiff has a problem of her own making. Having designated every syllable of every deposition as confidential, she cannot reveal the information to the public without violating an order of the district court. The confidentiality order is effective until modified; the collateral bar doctrine requires litigants to obey invalid orders while they are outstanding. *Pasadena Board of Education v. Spangler*, 427 U.S. 424, 439-40, 96 S.Ct. 2697, 2706, 49 L.Ed.2d 599 (1976). I direct the clerk of this court to return to plaintiff all copies of her brief and appendix. She must file a new brief within 30 days. The new brief must comply with the protective order, which means either removing the transgressing references or obtaining a modification of the order. A request to the district court will permit that tribunal to make a refined assessment of which information should remain confidential. The district court should not have entered an order allowing anyone to put any information under wraps. As I have emphasized, the public has a common law right of access to judicial records, and privacy needs justification. If plaintiff's profligate designations of confidentiality ultimately prevent her from filing an effective appellate brief, this may be her comeuppance, but the district court, more familiar with these proceedings than am I, should assess the subject.

The motions to seal the briefs on appeal are denied. Appellee's brief in No. 92–2227 and appellant's brief and appendix in No. 92–2775 are returned to their authors, with leave to file new, public briefs within 30 days.