**PEPSICO, INC., Plaintiff–Appellee,**

v.

**William E. REDMOND, Jr., and The Quaker Oats Company, Defendants–Appellants.**

No. 94–3942.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 17, 1995.

Decided Jan. 20, 1995.

---

\* Hon. Thomas M. Reavley, Senior Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

Roger Pascal (submitted), Joseph A. Cancila, Jr., James A. Clark, Stuart I. Graff, Schiff, Hardin & Waite, Chicago, IL, for Pepsico, Inc.

Bradford P. Lyerla, Debbie L. Moeckler, Jenner & Block, Chicago, IL, for William E. Redmond, Jr.

Helene D. Jaffe, Marc Brotman, Weil, Gotshal & Manges, New York City, P. Kevin Connelly, Michael J. Sheehan, James J. Oh, Connelly, Sheehan & Moran, Chicago, IL, for Quaker Oats Co.

## ON MOTIONS TO SEAL

EASTERBROOK, Circuit Judge.

During my tour as motions judge, the appellants in this case (collectively Quaker Oats) sought leave to file their jurisdictional statement and other papers under seal. They implied a desire to hold the entire appellate proceedings off the public record. Such an extraordinary request requires an extraordinary justification, which the parties had not supplied. Accordingly I denied the motion with a citation to my chambers opinion in *In re Krynicki,* 983 F.2d 74 (1992), explaining how I evaluate—and why I deny—such motions.

My order informed the parties that they could file a sealed supplement to the briefs containing any materials that properly may be kept confidential. Quaker Oats responded to this order by including in its sealed appendix the whole of the district court's 75–page opinion. I can imagine, though only barely, a sealed opinion and order in cases involving issues of national security. Even so, the judge who enjoined publication of details of the hydrogen bomb's construction managed to explain his decision to the public. *United States v. Progressive, Inc.,* 467 F.Supp. 990, rehearing denied, 486 F.Supp. 5 (W.D.Wis.), appeal dismissed, 610 F.2d 819 (7th Cir.1979). I have some difficulty appreciating how, if opinions in such grave matters belong in the public domain, opinions in commercial litigation may be sealed in their entirety. So I rejected the attempt to hide the district court's decision from public view.

Now I have received additional motions, from both sides, asking me to "clarify or modify" my earlier orders and to permit the district judge to keep under wraps the "approximately three percent" of the opinion that appellee Pepsico estimates contains trade secrets. This request, too, is denied. Not only the judgment (which is in the open record) but also the district court's explanation for its judgment should be placed in public view. Without waiting for me to rule on the latest motions, the parties asked the district court to take a blue pencil to the portions of his opinion that Pepsico wanted to remain secret. The judge did so, obliterating everything Pepsico asked him to black out. Yesterday the parties made a joint motion for permission to file a sealed appendix containing the full original opinion. That motion likewise is denied. (To tie up all loose ends,

I direct the Clerk to return the proposed sealed appendix lodged on January 6 and to place in the public record Quaker Oats' brief tendered on that date.)

 The district judge himself has never concluded that legitimate interests in confidentiality require any part of the opinion to be confidential—at least the judge has not explained why secrecy is vital. The parties agreed on a broad confidentiality order. The district judge has gone along without an independent discussion of the need for or propriety of restrictions on the public's access. Holding trade secrets in confidence is one thing, holding entire judicial proceedings in confidence quite another. Opinions are not the litigants' property. They belong to the public, which underwrites the judicial system that produces them. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, —— U.S. ——, ————, 115 S.Ct. 386, 392–93, 130 L.Ed.2d 233 (1994); *In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1302 (7th Cir.1988). This circuit has insisted, moreover, that the judicial proceedings held, and evidence taken, on the way to a final decision also are presumptively in the public domain. *In re Continental Securities Litigation*, 732 F.2d 1302 (7th Cir.1984). Cf. *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir.1994).

 Legitimate trade secrets should be protected from disclosure. Pepsico brought this case because it believed (and the district judge found) that Quaker Oats was making improper use of confidential information. Disclosing the secrets to the world is not an appropriate price for the privilege of enjoining one person's use of them. Still, the traditional way for judges to accommodate the legitimate competing interests is to keep the secrets themselves under seal, referring to them only indirectly in the opinion. That is the best policy in this case too. The district judge should prepare an opinion suitable for general circulation, rather than preparing an opinion on the assumption that the whole document will remain secret and then releasing copies with sentences and paragraphs blotted out, as if Glavlit (the Soviet Union's censorship bureau) had got its hands on the document. The judge must make his own decision about what should be confidential (and thus be the subject of oblique reference) and what may be spoken of openly. I regret that this means extra work for the judge, but preserving the principle that judicial opinions are available to the public is worth at least that much sacrifice.

Quaker Oats has filed its brief. Pepsico's brief, now due on January 23, will be due three days after the district court has released a public opinion. A reply brief may be filed within seven days after Pepsico files its brief. If the parties continue to believe that any supplemental materials should be sealed, they should submit them together with an explanation why secrecy is appropriate under the standards of *Continental Securities* and *Grove Fresh Distributors*.