**CHICAGO MERCANTILE EXCHANGE, INC. and Board of Trade of the City of Chicago, Inc., Plaintiffs/Counterclaim Defendants,**

v.

**TECHNOLOGY RESEARCH GROUP, LLC, Defendant/Counterclaim Plaintiff,**

v.

**CME Group, Inc., Counterclaim Defendant.**

No. 09 C 3895.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 9, 2011.

Jerrold E. Salzman, Albert Lee Hogan, III, Gretchen Maria Wolf, Skadden Arps Slate Meagher & Flom, LLP, Chicago, IL, Daniel A. Devito, Skadden Arps Slate Meagher & Flom LLP, New York, NY, James J. Elacqua, Jonathan D. Baker, Skadden Arps Slate Meagher & Flom LLP, Palo Alto, CA, for Plaintiffs/Counterclaim Defendants.

Daniel Aaron Kotchen, Alicia Rosa Gutierrez, Daniel L. Low, Kotchen & Low LLP, Washington, DC, Daryl M. Schumacher, Kopecky, Schumacher & Bleakley, P.C., Chicago, IL, James Daniel Petruzzi, Mason & Petruzzi, Houston, TX, for Defendant/Counterclaim Plaintiff.

## ORDER

RUBEN CASTILLO, District Judge.

On June 8, 2011, the Court stayed this patent infringement case pending the outcome of the USPTO's reexamination of U.S. Patent No. 5,963,923 (the "'923 patent"). (R. 289, Order.) On July 8, 2011, Technology Research Group ("TRG") filed a motion to amend a protective order that was entered in this case and to unseal certain documents. (R. 294, TRG Mot.) Specifically, TRG asks the Court to "(1) amend the Protective Order entered on October 6, 2009, to expressly allow TRG's counsel that has had access to confidential material to participate in the reexamination proceeding; and (2) unseal all filings associated with the CME's Motion for Summary Judgment of Invalidity." (*Id.* at 3.) According to TRG, "[g]ranting these requests will ensure that the [USPTO] can make an informed decision based upon all relevant facts and will expedite the reexamination proceeding." (*Id.*) Alternatively, TRG asks the Court to lift the stay. (*Id.* at 12–13.) For the reasons stated below, the motion is granted in part and denied in part.

## DISCUSSION

### I. Amending the Protective Order

■ Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may enter a protective order for good cause to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R.Civ.P. 26(c). On October 6, 2009, the Court entered a protective order in this case which reads, in relevant part, as follows:

b. Any person who receives any document designated as Confidential or Highly Confidential shall not prosecute or prepare any patent or patent application relating to (i) the technology disclosed or claimed in any patents or patent applications produced during this case or (ii) trading, trade execution, clearing or processing of commodities, futures, derivatives or securities. The obligations of the paragraph extends to any and all proceedings, including but not limited to reissue or reexamination proceedings, before the United States Patent and Trademark Office or any other patent office worldwide.

(R. 74, Protective Order ¶ 4(b).) As a threshold matter, the Court notes that Paragraph 4(b) applies to the reexamination proceedings related to the '923 patent that were initiated by CME. According to TRG, Paragraph 4(b)'s prosecution bar does not apply because it does not explicitly refer to a reexamination of the '923 patent. (R. 299, TRG Reply at 4.) This argument, the Court concludes, is unpersuasive given the unambiguous language of the Protective Order. By its terms, it applies to "any and all proceedings," then goes on to specifically mention "reexamination proceedings" as a type of proceeding that falls within its coverage. TRG's attempts to place the '923 patent's reexamination proceedings outside of the Protective Order's scope fall flat. Given this conclusion, the Court must determine whether the protective order must be modified to allow TRG's litigation counsel and designated representatives that have had access to CME's confidential information to participate in the '923 patent reexamination proceeding.

■ The party requesting the modification of a protective order has the burden of proving good cause for its proposed modification. *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D.Ill.2006). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir.2007). In considering modifications of a protective order, judges in this district have adopted a test that considers four factors: "(1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Murata*, 234 F.R.D. at 179. In patent cases, the test for modification of a protective order asks "whether there is an unacceptable risk of or opportunity for 'inadvertent disclosure'

of confidential information." *Trading Techs. Int'l, Inc. v. GL Consultants, Inc.,* Nos. 05 C 4120, 5164, 2011 WL 148252, at *3 (N.D.Ill. 2011) (citations omitted).

These factors weigh against modifying the Protective Order. First, the Court notes that the prosecution bar in Paragraph 4(b) was specifically negotiated by the parties. Because it was specifically negotiated by the parties, a modification at this juncture should be viewed with a critical eye. *Cf. Kyles v. J.K. Guardian Sec. Servs.,* 2006 WL 2349238, at *8 (N.D.Ill. Aug. 15, 2006) ("An agreed protective order may be viewed as a contract, and once parties enter an agreed protective order they are bound to its terms, absent good cause to modify or vacate the protective order.). This factor thus weighs against modification.

Second, the modification that TRG seeks was foreseeable at the time the Protective Order was entered. In its reply, TRG suggests that CME's decision to file this action in federal court made it unforeseeable that CME would subsequently initiate reexamination proceedings. (R. 299, TRG Reply at 4 n. 1.) This, in turn, would have also made a modification allowing TRG's litigation counsel to participate in the reexamination proceedings unforeseeable. Given the "increased use of reexamination as an alternate or additional venue to challenge patent validity where district court litigation has been initiated," Robert Greene Stern *et al.,* Reexamination Practice with Concurrent District Court Litigation or Section 337 USITC Investigations, 1031 PLI/Pat 165 (Practicing Law Institute 2011), any assertion that it was unforeseeable that CME would file a reexamination request is difficult to accept. While perhaps unexpected, the reexamination certainly cannot be deemed to have been unforeseeable. The foreseeability of a reexamination of the '923 patent thus undermines TRG's assertion that the modification they are seeking was unforeseeable at the time the Protective Order was entered. This factor therefore also weighs against the modification of the Protective Order.

Third, the Court concludes that CME and third parties have relied upon the Protective Order in conducting discovery. This consid-

eration thus also weighs against the modification of the Protective Order.

Fourth, TRG has failed to carry its burden of showing good cause for the modification of the Protective Order. In its motion, TRG seems to suggest that good cause exists in this case because, absent the modification of the Protective Order, it will be faced with hiring another set of lawyers to represent it before the USPTO. Nowhere in their submissions to the Court, however, does TRG provide a persuasive basis for the Court to conclude that this burden constitutes good cause for the modification of the Protective Order. Again, this factor does not help TRG in its quest to amend the Protective Order.

Similarly, TRG has failed to carry its burden of establishing that there is not an unacceptable risk of or opportunity for the inadvertent disclosure of confidential information. Nothing TRG has presented to the Court establishes that this risk does not exist. Given these conclusions, the Court determines that a modification of the Protective Order which would allow TRG's litigation counsel and designated representatives that have had access to CME's confidential information to participate in the '923 patent reexamination proceeding is not warranted. TRG's motion is therefore denied to the extent it seeks this form of relief.

## II. Unsealing certain filings

■ Next, TRG asks the Court to unseal all filings and documents associated with CME's motion for summary judgment of invalidity. (R. 294, TRG Mot. at 7.) According to TRG, "[u]nsealing these filings is appropriate because it will allow TRG to provide the [USPTO] with the documents that the parties—TRG and the CME—have deemed the most relevant to the question of whether the '923 patent is valid." (*Id.* at 7–8.)

■ "Any step that withdraws an element of the judicial process from public view ... requires rigorous justification." *Matter of Krynicki,* 983 F.2d 74, 75 (7th Cir.1992). Under Rule 26, a court may enter an order protecting confidential information from public disclosure on a showing of good cause. Fed.R.Civ.P. 26. "Courts have held that the

showing of good cause under Rule 26 is a heavy burden." *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir.2004). A party seeking to maintain documents as confidential establishes "good cause by showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir.2010) (internal quotation marks and citation omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id.* (internal quotation marks omitted); *Rivera*, 384 F.3d at 827.

 Once a protective order is entered, a party must continue to show good cause for confidentiality when challenged. *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 586 (N.D.Ill.2004) (citing *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)). "If a party does not show good cause to justify the ongoing concealment of certain information, the protective order may be dissolved or modified to unseal that information." *Id.*

In this case, CME has failed to satisfy its heavy burden of establishing that it would suffer a "clearly defined and serious injury" if the filings and documents associated with its motion for summary judgment of invalidity are unsealed. In its response to TRG's motion, the only injury that is presented to the Court is the following: "it is readily apparent that CME operates in a highly competitive field and public dissemination of information about CME's business operations and technical information would subject CME to an undue risk of commercial or competitive harm. Good cause therefore exists for maintaining all of these [documents] under seal." (R. 297, CME Mem. at 12.) Such a generalized claim of injury is insufficient to establish good cause under Rule 26. *See, e.g., In re Bank One Sec. Litig.*, 222 F.R.D. at 589 (rejecting defendant's attempt to establish good cause by generally asserting that it would be "competitively disadvantaged" if the information in question was unsealed). Specific examples or articulated reasoning must be provided to satisfy Rule 26's good cause requirement. *Kronos*, 620

F.3d at 302. CME's broad assertion of a competitive injury thus clearly falls short of this requirement. Because good cause has not been established, the filings and documents associated with CME's motion for summary judgment of invalidity can be properly unsealed. TRG's motion is thus granted to the extent seeks this form of relief.

## CONCLUSION

For the reasons stated above, TRG's motion to amend the Protective Order and to unseal certain documents (R. 294) is GRANTED in part and DENIED in part. The Court DENIES TRG's request to lift the stay in this case.