In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2971

Thomas Willan,

Plaintiff-Appellant,

v.

Columbia County, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 01-C-075-S--John C. Shabaz, Judge.

Submitted December 18, 2001--Decided February 19, 2002


  Before Posner, Manion, and Rovner, Circuit
Judges.

  Posner, Circuit Judge.  Willan sued
county law-enforcement officers and
authorities under 42 U.S.C. sec.
1983,claiming that they had violated his
constitutional rights by obtaining and
disseminating information about his
criminal history. He appeals from the
grant of summary judgment to the
defendants.

  Willan was locked in a bitter campaign
in 1999 for the mayoralty of the town of
Lodi, Wisconsin. His opponent, the
incumbent, complained to the police that
Willan was harassing her. (The record
does not reveal the nature of the alleged
harassment.) The police queried the
computerized database maintained by the
FBI's National Crime Information Center
and discovered that Willan had been
convicted of the felony of burglary in
Georgia in 1981. After losing the
election, Willan sued the mayor for
fraud. The suit was dismissed because, as
the mayor reminded the court, an
unpardoned felon is ineligible to run for
public office in Wisconsin. Although
Willan had been convicted under Georgia's
Youthful Offender Act, with the result
that his civil rights (except the right
to own a gun) had been restored upon
completion of his sentence, the Wisconsin
appellate court concluded that this was

not the same as a pardon. Willan v. Brereton, No. 99-1816, 2000 WL 992250, at *4 (Wis. App. July 20, 2000); see State v. Village of Lyndon Station, 295 N.W.2d 818 (Wis. App. 1980), aff'd, 305 N.W.2d 89 (Wis. 1981). Willan had sworn under oath, in his declaration of candidacy, that he had never been convicted of an unpardoned felony. When it was discovered that he had sworn falsely, he was arrested and charged with a false-swearing felony, though the charge was later dropped.

He argues that the querying of the FBI database was a search within the meaning of the Fourth Amendment that not being supported by probable cause was unreasonable. Records of conviction are public rather than private documents, however; the information in them is not the property of the convicted persons, and therefore the National Crime Information Center had every right, at least so far as the Constitution is concerned, to record and disseminate Willan's conviction. The Fourth Amendment does not entitle a person to conceal the fact that he has been convicted of a crime. Eagle v. Morgan, 88 F.3d 620, 627–28 (8th Cir. 1996); Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996); Nilson v. Layton City, 45 F.3d 369, 372 (10th Cir. 1995).

Willan also argues that the disclosure of his felony conviction violated his right of privacy. In the famous case of Melvin v. Reid, 297 Pac. 91 (Cal. App. 1931), now rather long in the tooth however, a limited right to prevent the publicizing of one's criminal history was recognized in the name of the tort right of privacy. See also Briscoe v. Reader's Digest Ass'n, 483 P.2d 34, 43 (Cal. 1971). Mrs. Melvin was a former prostitute who had been prosecuted for murder but acquitted. According to the uncontradicted allegations of her complaint, after her acquittal she had married, changed her name, and lived a blameless life in a community in which her past was unknown, until the defendant made a movie about her murder case, using her maiden name. The case is distinguishable. Mrs. Melvin had at least been acquitted; Willan had been convicted. And Willan, unlike Melvin,voluntarily attracted public attention to his past behavior by running

for public office. "Political candidates in today's society, for good or for ill, should expect information about their past behavior to come to light, and [the plaintiff] had to recognize the possibility that his status as a ex-felon would become a campaign issue." Medina v. City of Osawatomie, 992 F. Supp. 1269, 1277 (D. Kan. 1998); see also Kapellas v. Kofman, 459 P.2d 912, 923 (Cal. 1969). Serious constitutional issues, akin to those raised by defamation suits by public officials, see, e.g., New York Times Co. v. Sullivan, 376 U.S. 254 (1964), would arise if candidates for office could use the concept of privacy to conceal their criminal records from the electorate. The defendants in our case, moreover, had not publicized Willan's criminal record, that is, disseminated it widely, as the privacy tort requires, Restatement (Second) of Torts sec. 652D, comment a (1977), though they had used it to defend against Willan's suit, which is what made it public. All else aside, that was a privileged use.

Anyway the Melvin case, paternalistic in doubting the ability of people to give proper rather than excessive weight to a person's criminal history, is dead, see, e.g., Rawlins v. Hutchinson Publishing Co., 543 P.2d 988, 993-96 (Kan. 1975); Barbieri v. News-Journal Co., 189 A.2d 773, 776-77 (Del. 1963); Jones v. New Haven Register, Inc., 763 A.2d 1097, 1100-03 (Conn. Super. 2000), killed by Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 494-96 (1975); see Haynes v. Alfred A. Knopf, Inc., 8 F.3d 1222, 1230-32 (7th Cir. 1993); Romaine v. Kallinger, 537 A.2d 284, 292-95 (N.J. 1988); Montesano v. Donrey Media Group, 668 P.2d 1081, 1086-88 (Nev. 1983); McCormack v. Oklahoma Publishing Co., 613 P.2d 737, 741-42 (Okla. 1980); Rawlins v. Hutchinson Publishing Co., supra, 543 P.2d at 995-96; Pemberton v. Bethlehem Steel Corp., 502 A.2d 1101, 1118-19 (Md. Spec. App. 1986); Shulman v. Group W. Productions, Inc., 955 P.2d 469, 500-01 (Cal. 1998) (concurring opinion). The Supreme Court held in Cox that the First Amendment creates a privilege to publish matters contained in public records even if publication would offend the sensibilities of a reasonable person. (The matter in question was the identity of a woman who had been raped and

murdered.) See also Florida Star v. B.J.F., 491 U.S. 524, 537-38 (1989).

There is an even deeper objection to Willan's privacy claim. The tort law of privacy, the law on which the plaintiff in Melvin v. Reid relied, is a body of state law, and Willan is claiming a violation of his federal constitutional rights. Although several provisions of the Constitution protect privacy in the sense of confidentiality, including the Fourth Amendment and the self-incrimination clause of the Fifth Amendment, the only place to look for a general right of informational privacy would be the due process clause of the Fifth Amendment or (in this case, in which the defendants were acting under color of state rather than federal law) of the Fourteenth Amendment. Information about oneself, such as one's criminal history, would have to be deemed a form of liberty or property, and the unjustified disclosure of such information a violation of (substantive) due process. Paul v. Davis, 424 U.S. 693, 711-13 (1976), holds that the interest in reputation is not a form of liberty or property within the meaning of the due process clauses and therefore is not protected by those clauses, and it is reputation that Willan seeks to protect by concealment of his criminal record. Even if reputation were a form of constitutional property, it would not be infringed in any invidious sense by the disclosure of legitimately discreditable information about a person, such as his criminal record. No one should have a right to induce other people to deal with him on the basis of false pretenses, a contrived and misleading reputation. It would be a considerable paradox, quite apart from the First Amendment, to allow a person to obtain damages for the disclosure of his criminal record when if he had sued for defamation his suit would be barred by the defense of truth.

There is some case authority, though its supposed roots in Whalen v. Roe, 429 U.S. 589, 599-600 (1977), and Nixon v. Administrator of General Services, 433 U.S. 425, 457-65 (1977), are tenuous and it is in tension with Fisher v. United States, 425 U.S. 391 (1976), that if Willan were complaining not about an impairment of his reputation but about the revelation of intensely private

financial or medical information that was not a matter of public record or germane to his candidacy, he might be able to appeal to a concept of "privacy" that is a form of property or liberty within the meaning of the due process clauses. See, e.g., Denius v. Dunlap, 209 F.3d 944, 955-58 (7th Cir. 2000); cf. Paul P. v. Verniero, 170 F.3d 396, 403-04 (3d Cir. 1999); Russell v. Gregoire, 124 F.3d 1079, 1093-94 (9th Cir. 1997); Eagle v. Morgan, supra, 88 F.3d at 625-27; Nilson v. Layton City, supra, 45 F.3d at 371-72. That is not the nature of his claim, however, and so we need not decide how well it might fare.

Affirmed.