In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 07-3022

RANDY GEORGE,

*Plaintiff-Appellant*,

*v.*

ROGER WALKER, SHELTON
FREY, Warden, RICHARD
BARD, et al.,

*Defendants-Appellees*.

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 05 C 4181—**J. Phil Gilbert,** *Judge*.

———————

ARGUED MAY 27, 2008—DECIDED JULY 22, 2008

———————

Before ROVNER, WILLIAMS and SYKES, *Circuit Judges*.

ROVNER, *Circuit Judge*. Randy George sued a number of State employees individually and in their official capacities under 42 U.S.C. § 1983, alleging that they violated his First Amendment rights when they failed to offer him the position of Business Administrator at the Tamms Correctional Center because of his affiliation with the Republican party. The district court granted summary judgment in favor of all of the defendants because George failed to produce any evidence that his

political affiliation was a motivating factor in the decision not to hire him. We affirm.

George has long been active in the Republican party in Illinois. He served as the First Circuit Court Clerk as a Republican from 1993 to 2000, and he was the chairman of the Pulaski County Republican Party. George began working for the Illinois Department of Corrections ("IDOC") in February 2000, as an Administrative Assistant I at the Tamms Correctional Center. On January 10, 2003, he was promoted to the position of Business Administrator at Tamms, a promotion that was scheduled to go into effect on January 16, 2003. On January 13, 2003, a Democratic governor took office, ending twenty-six consecutive years of Republican rule. On January 14, the new governor implemented a hiring freeze, and George's promotion did not take effect. In October of that same year, IDOC requested that the governor waive the executive order implementing the hiring freeze in order to fill the still-open position of Business Administrator. The request was approved and in December, interested persons were invited to apply through a job posting. Six individuals applied, including George, but no one was hired at that time.

In early 2004, IDOC implemented a structural reorganization, and eliminated several positions due to a lack of funds. George's Administrative Assistant job was among those eliminated, and on June 30, 2004, George lost his job at Tamms. IDOC's hiring policy gave internal candidates priority over external candidates, but at the time the position was eventually filled, George was no longer an internal candidate. For external applicants, IDOC gave qualified veterans preference over qualified non-veterans. George is not a veteran. On October 12,

2004, the Business Administrator position was filled by a qualified external applicant, a woman who was a veteran of the armed forces. The record does not reveal the political affiliation, if any, of the veteran who was hired.

George sued a number of Illinois state employees under 42 U.S.C. § 1983, alleging that they retaliated against him because of his political affiliation when they failed to hire him to the post of Business Administrator.[1] The district court granted summary judgment in favor of the defendants because George failed to present evidence that his political affiliation played any part in the decision not to hire him. George argued that he was qualified for the position and the delay in hiring until after he was laid off gave rise to an inference that retaliation was a motivating factor in the decision. The court dismissed this argument as an example of the logic fallacy "*post hoc, ergo propter hoc,*" or "after this, therefore because of this." George contended only that the position was filled shortly after he, a qualified Republican, was laid off (thus losing his advantage as an internal candidate), and therefore he was not hired because he is a Republican. After rejecting this non-starter, the court also found that even if George could demonstrate a *prima facie* case, he could not show that the defendants' stated, non-retaliatory reasons for not hiring him were a pretext for their true motivations. The court

---

[1] George initially claimed two other acts of retaliation, namely his termination and the failure to offer him the position of Administrative Assistant II. The only allegedly retaliatory act at issue in the appeal is the failure to hire him for the Business Administrator vacancy.

therefore granted judgment in favor of all of the defendants. George appeals.

On appeal, George maintains that there is sufficient evidence from which a jury could conclude that the failure to place him in the Business Administrator position before he was laid off from the Administrative Assistant job was retaliation for his political activities. He points to a need that the position be filled, his qualifications, his well-known affiliation with the Republican party, and the timing of the decision as evidence of retaliation. He also asserts that the district court erroneously required him to demonstrate that the defendants' stated reasons for their hiring decision were a pretext in order to survive the motion for summary judgment. Our review is *de novo. Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008); *Global Relief Found., Inc. v. New York Times Co.*, 390 F.3d 973, 981 (7th Cir. 2004); *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Global Relief*, 390 F.3d at 981.

To make out a *prima facie* case of First Amendment retaliation, George must present evidence that: (1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor in the employer's action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006); *Mullin v. Gettinger*, 450 F.3d 280, 284 (7th Cir. 2006); *Spiegla v. Hull*, 371 F.3d 928, 942 (7th Cir. 2004). The only ele-

ment of that claim at issue in George's appeal is whether his speech was a motivating factor in the failure to hire him into the position of Business Administrator. "A 'motivating factor does not amount to a but-for factor or to the only factor, but is rather a factor that motivated the defendant's actions.'" *Mullin*, 450 F.3d at 284 (quoting *Spiegla*, 371 F.3d at 942). Once a plaintiff demonstrates that an improper purpose was a motivating factor in the decision, the burden shifts to the defendant to show that the same decision would have been made in the absence of the protected speech. *Massey*, 457 F.3d at 717; *Mullin*, 450 F.3d at 284-85. If the defendant carries that burden, the plaintiff must then demonstrate that the defendant's proffered reasons for the decision were pretextual and that retaliatory animus was the real reason for the decision. *Massey*, 457 F. 3d at 717.[2]

George relies largely on what he characterizes as the suspicious timing of the hiring decision, and so we recount that time line here: in January 2003, a new Democratic governor ordered a hiring freeze that prevented George's promotion from going into effect.[3] In October

---

[2] George fails to make out a *prima facie* case of First Amendment retaliation, but we note these additional steps to answer George's claim that the district court improperly required him to show that the defendants' reasons for not hiring him were pretextual. The district court found that even if George had presented a *prima facie* case of retaliation, he could not demonstrate that the defendants' stated reason for hiring someone else, namely, the preference for veterans, was pretextual. There was no error in taking that path through the analysis.

[3] George does not claim that the hiring freeze itself was in retaliation for his affiliation with the Republican party. He

(continued...)

2003, IDOC requested that the governor lift the hiring freeze in order to fill the Business Administrator positions open at six different prisons. The governor agreed and the Tamms position was posted in December 2003. George and five other candidates applied for the position at Tamms but none of the applicants were hired. In June 2004, IDOC laid off certain employees, including George. A few months later, IDOC again posted the Tamms Business Administrator position, and no internal candidates applied. When the position was then posted externally, George once again applied. In October 2004, IDOC hired a qualified veteran as the new Business Administrator.

A plaintiff may demonstrate improper motive with evidence that the adverse decision "took place on the heels of protected activity." *Mullin*, 450 F.3d at 285 (quoting *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1458 (7th Cir. 1994)). But "the fact that a plaintiff's protected speech may precede an adverse employment decision alone does not establish causation." *Mullin*, 450 F.3d at 285. In January 2003, when a Democratic governor took office, George, by his own admission, was already well known as a Republican, and it is his affiliation with the Republican party that is the basis for his claim of retaliation. More than twenty months passed between the time that his political affiliation was known and the hiring decision was made. George has nothing other than this rather attenuated sequence of events to establish improper motive. The inference that protected speech was the

---

[3] (...continued)
claims only that the much later decision not to hire him into the same position was motivated by a retaliatory animus.

motive for an adverse employment decision weakens as the time between the protected expression and the adverse action increases, and additional proof of a nexus is required. *Mullin*, 450 F.3d at 285; *Oest v. Illinois Dep't of Corr.*, 240 F.3d 605, 616 (7th Cir. 2001). A twenty-month gap between speech and action is too long to support an inference of a causal connection between the two in the absence of any other evidence of improper motive. *Mullin*, 450 F.3d at 285 (the nearly two-year time gap between a letter and an adverse action is too attenuated to provide evidence that the letter motivated the adverse action).

George has no other evidence that his political affiliation was the motive for IDOC's failure to hire him as the Business Administrator. He complains that the defendants have provided no good explanation for the lengthy delay in filling the position, but they are under no obligation to do so unless George has first made out a *prima facie* case, and he has not. The timing of the hiring decision no more proves the defendants were motivated by political bias than that they were motivated by gender bias or some other kind of bias. At most, George has shown that someone did not want to hire him, but he has not provided evidence telling us why, and has produced literally no evidence of an improper reason. In the absence of evidence to support an inference of politically-motivated bias, the district court was correct to grant judgment in favor of the defendants.

AFFIRMED.