NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 3, 2010
Decided July 11, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

REBECCA R. PALLMEYER, *District Judge*[*]

No. 10-2189

| | |
|---|---|
| KEVIN ROUSEY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 08-463-GPM |
| ROBERT HILLIARD, et al., *Defendants-Appellees*. | G. Patrick Murphy, *Judge*. |

**O R D E R**

Kevin Rousey sued two of his supervisors from the Illinois Department of Corrections ("IDOC") under 42 U.S.C. § 1983, alleging that they retaliated against him because of his political affiliation. The district court granted the defendants' motion for summary judgment, finding that Rousey failed to produce any evidence that defendants retaliated against him because of his affiliation with the Republican party. Rousey appeals, and we affirm the judgment of the district court.

---

[*]The Honorable Rebecca R. Pallmeyer, of the Northern District of Illinois, sitting by designation.

## I.  Background

Kevin Rousey began working for the Illinois Department of Corrections ("IDOC") in June 2003, as a Major at the Big Muddy Correctional Center ("Big Muddy"). Defendant Robert Hilliard served as Assistant Warden at Big Muddy, and defendant Jay Merchant served as the Acting Warden.  Both Hilliard and Merchant are Democrats, and Rousey claims that they engaged in a pattern of harassment against him because of his affiliation with the Republican party.  To support his claims against Hilliard, Rousey offers a litany of alleged retaliatory acts: Hilliard instructed various other IDOC employees to file harassment charges against Rousey; Hilliard convinced a union member to submit inaccurate grievances against him; Hilliard approached Rousey in an "aggressive manner" on one occasion; Hilliard downgraded Rousey's annual evaluation to prevent Rousey from receiving a bonus; Hilliard reassigned Rousey's parking spot; and Hilliard hid Rousey's mail.  Rousey's only claim against defendant Merchant is that Merchant allegedly participated in a decision to change Rousey's work schedule from the preferred 7 a.m. to 3 p.m. time slot to the undesirable 3 p.m. to 11 p.m. shift.

Rousey sued Hilliard and Merchant under 42 U.S.C. § 1983 for retaliating against him in violation of the First Amendment.  Defendants moved for summary judgment. In ruling on that motion, the district court agreed with Rousey that his identification as an active Republican was constitutionally protected activity and that there were disputes of fact concerning whether Hilliard's conduct constituted a deprivation of Rousey's speech rights.  The court nevertheless concluded that Rousey failed to produce any evidence of his recent public political activity, and that a jury could not reasonably infer that defendants were aware of Rousey's political affiliation merely from his participation in a political campaign during the 1980's and his lifelong support of the Republican party.  The court concluded, further, that even if defendants were aware of Rousey's political affiliation, Rousey failed to show that his political affiliation caused defendants' alleged conduct.

On appeal, Rousey contends that the district court erred in disregarding the testimony of the Illinois State Senator Gary Forby.  According to Rousey, Forby knew that Rousey was a Republican and was also well-informed about the political infighting that occurred at Big Muddy.  Rousey specifically relies on Forby's testimony that: "Republicans and Democrats beat heads with each other [at Big Muddy].  I think they are playing games with each other. . . . Same way as everyday life."  Rousey now claims that Forby's testimony demonstrates that given the politically-charged environment at Big Muddy, Hilliard and Merchant must have known about Rousey's political

affiliation. Defendants maintain that the fact, if proven, that employees at Big Muddy engage in political disputes, by itself does not support an inference that Hilliard and Merchant knew of Rousey's political affiliation.

## II. Discussion

We review a district court's grant of summary judgment de novo. *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 849 (7th Cir. 2010). Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). We construe the facts in the light most favorable to the non-moving party and "draw all reasonable inferences" in his favor. *George v. Walker*, 535 F.3d 535, 538 (7th Cir. 2010) (citations omitted). To establish a prima facie claim of retaliation in violation of the First Amendment, a public employee must present evidence that: (1) he engaged in constitutionally protected speech; (2) his speech caused the employer's action; and (3) he suffered a deprivation because his employer's action was likely to deter future speech. *Kodish v. Oakbrook Terrace Fire Protection Dist*., 604 F.3d 490, 501 (7th Cir. 2010) (citing *Gunville v. Walker*, 583 F.3d 979, 983 (7th Cir. 2009); *Fairley v. Andrews*, 578 F.3d 518, 525-26 (7th Cir. 2009)). The only issue on appeal in this case is whether defendants changed Rousey's working conditions because of Rousey's political affiliation.

The district court concluded that while Rousey may have shown that he and defendants belong to different political parties, such evidence, standing alone, is insufficient to establish that defendants knew of Rousey's political affiliation. We agree. Both defendants deny having any knowledge of Rousey's political affiliation prior to his filing this suit and there is no direct evidence to suggest otherwise. Rousey points to Senator Forby's knowledge of his political affiliation and Forby's testimony regarding political disagreements at Big Muddy, but those statements do not suggest that defendants were aware that Rousey is a Republican and retaliated against him for that reason. Nor has Rousey offered any other specific instances of protected speech activity from which one could infer defendants might have learned of his political affiliation; his general support of the Republican party is insufficient for this purpose. As a result, Rousey cannot demonstrate that his political affiliation was the "but-for cause" of defendants' actions. *Gross v. Town of Cicero*, 619 F.3d 697, 704, 707-08 (7th Cir. 2010) (affirming summary judgment for defendants where plaintiff offered no evidence that defendants were aware of his protected speech).

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the defendants.