NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2013[*]
Decided March 19, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS , *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2810

| | |
|---|---|
| JASON LEE NIEMAN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 12-3104 |
| | |
| VERSUSLAW, INC., et al., | Sue E. Myerscough, |
| *Defendants-Appellees.* | *Judge.* |

### O R D E R

Jason Nieman, an insurance-claims professional, appeals the dismissal of his lawsuit asserting invasion of privacy and retaliation against Yahoo, Google, Microsoft, and VersusLaw, Inc., a legal-research website that provides the public with access to records of judicial decisions for a fee. Nieman alleged that the search engines operated by these

---

[*]After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Therefore the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

companies have enabled potential employers to find documents related to a lawsuit he brought against a past employer; as a result, he contends, he has been passed over by these employers who might be wary of his litigiousness. The district court dismissed the complaint because all of Nieman's claims were premised on the defendants' publication of judicial records available to the public, which is privileged under the First Amendment. We affirm.

According to his complaint, Nieman discovered in 2009 that certain legal-search websites (such as Lexis/Nexis.com, Justia.com, Leagle.com, and VersusLaw.com) were linking copies of documents from his prior lawsuit to his name. That litigation involved a former employer and was settled in 2011. When Nieman encountered difficulty obtaining another insurance job, he suspected that potential employers had learned of his prior lawsuit online and "blacklisted" him from employment opportunities. Nieman alleged that in late 2011 he wrote to each of the defendants and asked them to delink his court cases from their online search results. The defendants declined. Google pointed out that it simply aggregates information already published on the internet. VersusLaw responded that its publication of public records was protected by the First Amendment and that it would block links to public records only by court order.

Nieman asserted claims for (1) commercial misappropriation of his name; (2) intentional interference with current and prospective economic advantage; (3) unjust enrichment/civil conspiracy; (4) retaliation under the Illinois Human Rights Act and 42 U.S.C. § 1981; (5) violation of the Racketeer Influenced and Corrupt Practices Act; and (6) violation of the Lanham Act.

The district court dismissed the complaint for failure to state a claim. The court held that Nieman failed to state a claim under any of his theories of relief and that all of his claims were barred by the First Amendment, which privileges the publication of public records. Nieman's claims, the court stated, were premised on the fact that defendants' websites provided links to information and documents in the public record. Also, to the extent that Nieman's claims related to alleged invasions of privacy or defamation, the court held they were barred by the Communications Decency Act, which provides limited liability protection for online services as a publisher or speaker of the content from websites they index. 47 U.S.C. § 230(c)(1).

On appeal Nieman maintains that the First Amendment's protections are not absolute. Citing our decision in *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d 1222, 1232 (7th Cir. 1993), he argues that the First Amendment does not protect the publication of private facts in which the public has no legitimate interest and that would deeply offend a reasonable person. The defendants' publication of court documents from his prior lawsuit, he asserts,

should not be protected because it facilitates and encourages unlawful retaliation on the part of prospective employers who rely on third-party content and the judicial orders in question do not have any countervailing precedential value.

*Haynes* does not help Nieman here. That case concerned the publication of personal facts about the plaintiff, not the republication of documents contained in public records. 8 F.3d at 1229–30. In *Haynes* we affirmed the grant of summary judgment for the defendant publisher on an invasion-of-privacy claim, noting that the reader had a legitimate interest in the facts discussed in the book, and the facts were no longer private because they were already published in the judicial record of the plaintiff's divorce and child-support proceedings. *Id.* at 1232–33.

The First Amendment privileges the publication of facts contained in lawfully obtained judicial records, even if reasonable people would want them concealed. *See Fla. Star v. B.J.F.*, 491 U.S. 524, 533 (1989); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 495 (1975); *Willan v. Columbia County*, 280 F.3d 1160, 1162, 1163 (7th Cir. 2002); *Haynes*, 8 F.3d at 1232, 1233; *Ostergren v. Cuccinelli*, 615 F.3d 263, 286–87 (4th Cir. 2010); *Bowley v. City of Uniontown Police Dep't*, 404 F.3d 783, 788-89 (3d Cir. 2005). We have explained that judicial "[o]pinions are not the litigants' property. They belong to the public, which underwrites the judicial system that produces them." *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995). Other legal documents included by the court as part of the public record of the judicial proceedings are also covered by the First Amendment privilege. *See Cox*, 420 U.S. at 492, 495; *Grove Fresh Distribs., Inc., v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). The for-profit nature of the defendants' aggregation websites does not change the analysis; speech is protected even when "carried in a form that is 'sold' for profit." *See Va. State Bd. of Pharm. v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 761 (1976); *see Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 960–61 (9th Cir. 2012); *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 684–85 (7th Cir. 1998). All of Nieman's claims are based on the defendants' republication of documents contained in the public record, so they fall within and are barred by the First Amendment privilege. Accordingly, we need not address any of Nieman's remaining arguments.

AFFIRMED.