In the

# United States Court of Appeals
### For the Seventh Circuit

No. 16-2976

BRIAN ROAKE,

*Plaintiff-Appellant,*

*v.*

FOREST PRESERVE DISTRICT OF COOK COUNTY, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15-cv-08949 — **Harry D. Leinenweber**, *Judge.*

ARGUED JANUARY 5, 2017 — DECIDED FEBRUARY 17, 2017

Before WOOD, *Chief Judge*, and MANION and WILLIAMS, *Circuit Judges*.

MANION, *Circuit Judge*. Brian Roake, a former police officer for the Forest Preserve District of Cook County, was ostensibly disciplined for drinking alcohol at work. He responded with this lawsuit under 42 U.S.C. § 1983, alleging unlawful retaliation under the First Amendment. He also asserted a Fourteenth Amendment due process claim based on reputational harm. The district court dismissed Roake's action under

Rule 12(b)(6) for failure to state a plausible claim to relief. We affirm.

## I. BACKGROUND

Plaintiff Brian Roake was a police officer for the Forest Preserve District of Cook County, Illinois. His troubles began on December 31, 2013, when he brought some champagne to a Forest Preserve police station to celebrate the New Year. Roake says that he was off duty at the time and that he got permission from a sergeant (who was present at the celebration) to bring the champagne. Roake and others drank the champagne at the station.

In January 2014, the department initiated disciplinary proceedings against Roake for his participation in the New Year's Eve gathering. When Roake was interviewed about the incident, the interviewing officer assured him that he would not lose his job but "might be suspended for one or two days at the most."[1] On February 7, 2014, the disciplinary proceedings culminated in what Roake calls a "pre-disciplinary/pre-termination hearing." Roake alleges that the hearing officers "upheld the charges" against him, though he does not say what the charges were. At that point, Roake says he saw the "handwriting on the wall" and so resigned his job. He also states, with no supporting facts, that he "would have been terminated" if he had not resigned.

---

[1] This is consistent with Roake's allegation that the other employees involved in the New Year's celebration generally received only a written reprimand or a one-day suspension. Only one employee—apparently the sergeant who gave Roake permission to bring the alcohol—was terminated.

Roake claims that his employer used his involvement in the New Year's Eve party as a mere pretext for disciplining him. The real reason he was disciplined, according to Roake, was because he had previously reported to his employer two instances of official misconduct within the police department. First, in October 2013, he reported that a fellow officer had engaged in racial profiling. Roake mentioned the matter again during his disciplinary proceedings in January 2014, when he complained that it wasn't fair that he was being investigated while the officer who engaged in racial profiling was not.

Roake's second report, made around February 6, 2014, involved a fellow officer whom Roake believed had been unjustly disciplined. Earlier that month, the officer had contacted Roake about a woman and children who were in the Forest Preserves after hours in below-freezing weather. Roake responded that the officers were "mandated reporters" to the Department of Children and Family Services (DCFS), so the officer called DCFS to report the situation. The officer was later written up in connection with the incident,[2] and Roake complained to his employer that the write-up was unlawful.

After resigning in February 2014, Roake applied for jobs in other police departments. He alleges that officials of the Forest Preserve department told certain prospective employers that he had consumed alcohol while on duty and was not welcome to reapply there. Roake claims that this damaged his professional reputation and made it more difficult for him to find work.

---

[2] Roake alternately alleges that the officer was disciplined for reporting to DCFS and "for contacting Roake."

In October 2015, Roake filed this § 1983 action against the Forest Preserve District of Cook County and several officers who were involved in the disciplinary proceedings against him. He claims that the defendants violated the First Amendment by disciplining him in retaliation for reporting police misconduct. He also claims that the defendants violated his Fourteenth Amendment due process rights by tarnishing his reputation among prospective employers. The district court concluded that Roake failed to state a plausible claim for relief and granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[3] Roake appeals.

## II.  DISCUSSION

We review the grant of a motion to dismiss de novo, construing all well-pleaded facts in the light most favorable to the nonmoving party. *Huri v. Office of the Chief Judge of the Circuit Ct. of Cook Cty.*, 804 F.3d 826, 829 (7th Cir. 2015). To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A.  First Amendment Retaliation Claim

To prevail on a First Amendment retaliation claim, a plaintiff must show that the government took an adverse action against him because he engaged in constitutionally protected speech. *George v. Walker*, 535 F.3d 535, 538 (7th Cir. 2008). A

---

[3] Roake also brought a state-law claim under the Illinois Whistleblower Act, but that claim is not before us on appeal.

public employee's speech is constitutionally protected only when he speaks "as a citizen" on matters of public concern. *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). A public employee does not speak "as a citizen" when he speaks "pursuant to [his] official duties." *Id.* at 421. Thus, public employees have no cause of action under the First Amendment when they are disciplined for speaking pursuant to their official duties, even if the speech is on a matter of public concern. *Spiegla v. Hull*, 481 F.3d 961, 965 (7th Cir. 2007) ("*Garcetti* made clear that public employees speaking 'pursuant to their official duties' are speaking as employees, not citizens, and thus are not protected by the First Amendment regardless of the content of their speech."). The "determination of whether speech is constitutionally protected is a question of law." *Kubiak v. City of Chic.*, 810 F.3d 476, 481 (7th Cir. 2016).

Roake alleges that the defendants retaliated against him for complaining about racial profiling and unlawful disciplinary action within the police force. But Roake has not plausibly alleged that he made these complaints as a citizen rather than as a public employee speaking pursuant to his official duties. On the contrary, Roake shared the complaints only with his employer, and the complaints focused exclusively on official misconduct by his fellow officers. As we have previously recognized, a police officer's duty to report official police misconduct is a basic part of the job. See, e.g., *id.* at 481–82 (rejecting an "overly narrow" description of police job duties and concluding that officer's reports of police misconduct were closely connected with the broad professional duty to protect the public from harm); *Vose v. Kliment*, 506 F.3d 565, 571 (7th Cir. 2007) (police officer was "merely doing his job," and thus not engaged in protected speech, when he reported

suspected misconduct by his fellow officers); see also *Houskins v. Sheahan*, 549 F.3d 480, 491 (7th Cir. 2008) (public employee's "internal complaint" about official misconduct was "an obvious form of speech made pursuant to official duties under the *Garcetti* standard"); *Spiegla*, 481 F.3d at 967 (no protected speech where correctional officer internally reported official misconduct but "did not make a public statement, discuss politics with a coworker, write a letter to newspapers or legislators, or otherwise speak as a citizen"). Cf. *Kristofek v. Vill. of Orland Hills*, 832 F.3d 785 (7th Cir. 2016) (finding protected speech where part-time officer reported official misconduct both to his fellow officers and to an *outside* agency, and where the reported misconduct extended beyond the police department and included higher-level political corruption in the mayor's office).

As a police officer, Roake had a duty to protect the public from harm, including harm resulting from illegal activity by law enforcement. So when Roake internally reported that his fellow officers were abusing the public trust by acting illegally on the job, he was speaking as a public employee pursuant to his official responsibilities, and not "as a citizen contributing to the civic discourse." *Spiegla*, 481 F.3d at 967 (internal marks omitted). Consequently, even assuming Roake was disciplined in retaliation for his speech, he has failed to state a plausible claim under the First Amendment because he has not shown that his speech was constitutionally protected. The district court properly dismissed Roake's First Amendment retaliation claim under Rule 12(b)(6).

### B. Fourteenth Amendment Due Process Claim

To prevail on a procedural due process claim under the Fourteenth Amendment, a plaintiff must show that the government "'deprived him of a constitutionally protected liberty or property interest without due process of law.'" *Hinkle v. White*, 793 F.3d 764, 767 (7th Cir. 2015). Mere injury to reputation, even if it seriously impairs one's future employment prospects, is not a constitutionally protected liberty or property interest under the due process clause. *Id.*; *Willan v. Columbia Cty.*, 280 F.3d 1160, 1163 (7th Cir. 2002). Instead, to state a due process claim based on reputational harm, a plaintiff must show that the government distinctly altered his legal status in addition to tarnishing his good name. *Hinkle*, 793 F.3d at 768; *Santana v. Cook Cty. Bd. of Review*, 679 F.3d 614, 621 (7th Cir. 2012) (explaining that defamatory statements are actionable under the Fourteenth Amendment only if they "'alter or extinguish a right or status previously recognized by state law'"). Hence, we conduct a "'stigma-plus' analysis to determine whether there was an 'injury to reputation *along* with a change in legal status.'" *Hinkle*, 793 F.3d at 768.

Roake alleges that the defendants sullied his reputation among prospective employers by reporting that he drank on the job and was not eligible for rehire. In addition to alleging injury to his reputation, however, Roake has not plausibly alleged that the defendants did anything to alter his legal status. Roake counters that the defendants did change his legal status by effectively removing him from the police force. Specifically, he argues that he was constructively terminated when certain "charges" were upheld at his disciplinary hearing in February 2014.

Roake's pleadings do not support this argument. Roake plainly states that he resigned his position, and he alleges no facts suggesting that the defendants constructively terminated his employment or otherwise changed his legal rights or status in any way.[4] See *Lifton v. Bd. of Educ. of City of Chic.*, 416 F.3d 571, 578 (7th Cir. 2005) (explaining that constructive discharge for due process purposes is "limited to egregious cases" and "occurs when an employee resigns because working conditions are so intolerable that a reasonable employee would feel compelled to quit"); see also *Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1035–36 (7th Cir. 2006), partially overruled on other grounds by *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013) ("Working conditions for constructive discharge must be even more egregious than those that would support a finding of a hostile work environment.").

In short, even assuming the defendants spoke about Roake in a way that impaired his future employment prospects, Roake has not plausibly alleged a due process violation because he has not shown that he was deprived of a liberty or property interest requiring the protections of due process. The district court properly dismissed Roake's Fourteenth Amendment due process claim under Rule 12(b)(6).

### III. CONCLUSION

Roake failed to state a plausible claim to relief under the First and Fourteenth Amendments. He did not show that he

---

[4] Roake's conclusory and hypothetical assertion that he "would have been terminated" had he not resigned is pure conjecture; it is not a well-pleaded factual allegation entitled to a presumption of truth on a motion to dismiss. See *Iqbal*, 556 U.S. at 680–81; *McCauley v. City of Chic.*, 671 F.3d 611, 616 (7th Cir. 2011).

was disciplined for engaging in constitutionally protected speech, or that he was deprived of a constitutionally protected liberty or property interest without due process. The district court properly dismissed Roake's action, and we AFFIRM.